[No. 6127.]

# THE STOCKTON SAVINGS AND LOAN SOCIETY v. THOMAS HILDRETH.

CONTRACT—CONCURRENT CONDITIONS.—Where the debtor of a bank became insolvent, and a brother of the debtor agreed to pay one-half the debt if the bank would release the debtor: *held*, that the payment and the release were concurrent conditions to be performed at the same time, and the bank could not recover upon the agreement without executing or offering to execute the release.—[REPORTER.]

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

Action upon a contract—the facts being thus: In May, 1875, E. J. Hildreth and William Helm made their joint and several promissory note to the plaintiff, a banking corporation, for five thousand dollars, payable one day after date. In February, 1876, Hildreth, upon his own petition, was adjudged a bankrupt under the laws of the United States, and his estate passed to an assignee. While the proceedings were pending, the defendant, a brother of the bankrupt, agreed with the creditors that if they would release his brother from all demands he would pay them fifty per cent. in cash, or sixty per cent. in notes, at their option. The creditors accepted this proposition. The plaintiff accompanied its signature with this proviso:

" With the express understanding and reservation that William Helm, a co-maker of the note held by 'the Stockton Savings and Loan Society,' a corporation formed under the laws of this State, against the said bankrupt and said William Helm, and upon which proof had been made against the estate of said bankrupt, shall not be released from any liability on the said note, and files his agreement and consent herewith, this corporation, by and with such consent of said William Helm,

will release the said bankrupt upon said liability upon receiving fifty cents on the dollar of said claim in cash."

All the creditors having signed the agreement, the proceedings in bankruptcy were dismissed. The plaintiff brought this action to recover from the defendant fifty per cent. of the bankrupt's debt. The complaint does not allege that Helm had consented to the compromise, nor does it show any release or offer of release by plaintiff of the bankrupt from the debt. The defendant filed a general demurrer, which was overruled. He then answered, admitting all the allegations of the complaint, and asking judgment in his favor thereupon. The Court rendered judgment for the plaintiff, and the defendant appealed.

*D. M. Delmas*, for Appellant.

The consideration of the defendant's promise is his brother's release. He agrees to pay one-half the debt, on condition that his brother be discharged from further liability. The release is the thing which is to obtain the defendant's money. It is the *quid pro quo.* It is the all-essential fact to be alleged and proved by the plaintiff, and without it there can be no recovery. (*Gyle* y. *Schoenbar*, 23 Cal. 538.) It is urged that plaintiff is to release E. J. Hildreth upon (not before) the payment of the fifty per cent. The position then is : " I will release when you pay," " I will pay when you release." This presents the case of conditions concurrent, which are mutually dependent and are to be performed at the same time. (Civil Code, sec. 1437–1439 ; *Hill* v. *Grigsby*, 35 Cal. 656 ; *Barron* v. *Frink*, 30 Cal. 486 ; *Durham* v. *Maun*, 4 Seld. 512 ; *Englander* v. *Rogers*, 40 Cal. 420 ; *Bohall* v. *Diller*, 40 Cal. 532 ; *Kelly* v. *Mock*, 45 Cal. 303.)

The consent and agreement of Helm not to be released was also made a condition of the agreement between the plaintiff and the defendant. The agreement has no efficacy until Helm gives his consent. It is executed with the understanding and with the express reservation that Helm shall file his written consent. The conditions being material, suppose Thomas Hildreth had, after Helm's refusal to give his consent, tendered the

fifty per cent. and demanded his brother's release—would the Bank have been bound to comply? Could they not have answered that the agreement was to be binding only when Helm gave his consent? If Thomas Hildreth could not have enforced the contract against the Bank without averring Helm's consent, how can the Bank enforce it against him in the absence of that consent? For these reasons it is submitted that Helm's consent and agreement are essential parts of plaintiff's case. The complaint being radically defective, a judgment for plaintiff upon the pleadings cannot be supported. (*Rogers* v. *Shannon*, 52 Cal. 99.)

The case having been submitted on the pleadings, this Court will render the judgment which the Court below ought to have rendered. (*Hills* v. *Sherwood*, 33 Cal. 474.)

By the COURT:

The consideration for the promise of the defendant was the release of his brother, E. J. Hildreth, from his liability upon his promissory note, made by him jointly with one William Helm to the plaintiff; and by the terms of the agreement the plaintiff agreed that, with the consent of Helm, upon receiving fifty cents upon the dollar of the note, it would release E. J. Hildreth from all liability upon the note. The payment by the defendant and the release by the plaintiff are concurrent conditions, and are to be performed at the same time. (Civil Code, sec. 1437.) Without discussing the question whether the consent on the part of Helm, not to be released from his liability on the note, was required to be procured before the agreement could by its terms become obligatory upon the parties to it, it is sufficient to say that the plaintiff could not recover upon the agreement without performing, or offering to perform, the condition on its part—the execution of the release of E. J. Hildreth. The complaint does not allege a delivery nor an offer to deliver such release, and the demurrer should have been sustained.

Judgment reversed, and cause remanded, with directions to sustain the demurrer to the complaint. Remittitur forthwith.